UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANGELO FERGUSON, aka ANGELO FERGUSEN,<br><br>Petitioner<br><br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>Respondents | Case No. 2:23-cv-00299-CDS-NJK<br><br>**ORDER** |

This case was opened in this Court as a habeas corpus action on January 20, 2023, when the Ninth Circuit Court of Appeals transferred to this Court an Application for Leave to File Second or Successive Petition (ECF No. 1) filed by Angelo Ferguson in the Court of Appeals. In the order transferring Ferguson's Application to this Court (ECF No. 1-1), the Court of Appeals stated that his Application was unnecessary: "Because it appears that the applicant has not filed a prior § 2254 petition challenging his 2013 judgment in the Eighth Judicial District Court of Nevada, case number 03C197253, the applicant may file a habeas petition without obtaining prior authorization." ECF No. 1-1 at 1. The Court of Appeals transferred Ferguson's Application to this Court "to potentially be processed as a § 2254 petition." *Ibid*. The Court of Appeals stated that "[t]he petition is deemed filed in the district court on October 9, 2022, the date on which the application was delivered to prison authorities for forwarding to [the Court of Appeals]." *Id*. at 1–2.

This Court will treat the Application as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court screens the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. However, in part because the petition is not in a form accepted by this Court (*see* LSR 3-1) and in part because the petition is largely incomprehensible, the Court cannot screen the petition in any meaningful substantive manner.

Most of what the Court can gather regarding Ferguson's custody and his potential petition for writ of habeas corpus, it gathers from sources other than the petition itself.

Information on the website of the Nevada Department of Corrections indicates that Ferguson is incarcerated at Ely State Prison, in Ely, Nevada, serving prison sentences for burglary, kidnapping, sexual assault and robbery.

While Ferguson spells his name "Ferguson" in the petition, the Nevada Department of Corrections spells his name "Fergusen." The Court also notes that proceedings in state court have been conducted with his name spelled "Fergusen." *See, e.g., Fergusen v. State*, 2015 WL 1876847 (Nev. Ct. App., April 15, 2015); *Fergusen v. State*, 124 Nev. 795 (2008). Therefore, the Court will direct the Clerk of the Court to revise the docket to reflect that the petitioner's name is "ANGELO FERGUSON, aka ANGELO FERGUSEN."

The Court notes that, in the state court proceedings, there were issues raised concerning Ferguson's competency. *Fergusen v. State*, 2015 WL 1876847 (Nev. Ct. App., April 15, 2015); *Fergusen v. State*, 124 Nev. 795 (2008). And further notes that it is apparent from this Court's records and the reports of certain of Ferguson's state court proceedings, that Ferguson has generally had difficulty litigating *pro se*. Ferguson has attempted to initiate at least four civil rights actions in this Court. *See* Case Nos. 3:17-cv-00668-MMD-WGC, 2:20-cv-02339-APG-VCF, 2:21-cv-01075-APG-EJY, and 2:22-cv-01116-JAD-BNW. All four of those cases were dismissed without prejudice on account of Ferguson's failure to submit a complete application to proceed *in forma pauperis* and/or other initiating documents. *See also Ferguson v. State*, 2017 WL 3709045 (Nev. Ct. App., August 16, 2017) (on original petition for writ of mandamus, court's intervention unwarranted because it was "unclear what relief petitioner [was] seeking"); *Ferguson v. State*, 2021 WL 1084896 (Nev. Ct. App., March 19, 2021) ("Because no statute or court rule permits an appeal from an order denying a 'final judgment under *Miranda* rights of guilty plea,' we lack jurisdiction."); *Ferguson v. State*, 2021 WL 3701859 (Nev. Ct. App., August 19, 2021) ("Ferguson's petition is largely incomprehensible....Because Ferguson's petition is incomprehensible, he failed to meet his burden of demonstrating that he was entitled to extraordinary relief.").

Finally, the Court notes that its records confirm the Court of Appeals' conclusion that it appears this would be Ferguson's first petition for writ of habeas corpus in this Court.

Taking these circumstances into consideration, I *sua sponte* appoint the Federal Public Defender for the District of Nevada (FPD) to represent Ferguson in this case. While state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation, the court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The Court finds that, in the interests of justice, appointment of counsel for Ferguson is warranted in this case.

**IT IS THEREFORE ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner. If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Application for Leave to File Second or Successive Petition (ECF No. 1) and the order of the Ninth Circuit Court of Appeals (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the FPD will have 30 days from the date of this order to file a notice of appearance, or to indicate to the Court its inability to represent the petitioner in this case.

**IT IS FURTHER ORDERED** that the requirement that Petitioner pay the filing fee for this action is suspended. The Court will set a deadline for Petitioner to pay the filing fee or apply to proceed *in forma pauperis* after counsel appears for him.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

**IT IS FURTHER ORDERED** that Respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to revise the docket to reflect that the petitioner's name is "ANGELO FERGUSON, aka ANGELO FERGUSEN."

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), William Gittere is substituted for William Reubart as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED: March 6, 2023

_____
CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE