# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Angelo Ferguson, aka Angelo Fergusen, | Case No. 2:23-cv-00299-CDS-NJK |
| Petitioner | **Order Granting Petitioner's Motion for Leave to File Second Amended Petition** |
| v. | |
| William Gittere, et al., | [ECF No. 11] |
| Respondents | |

In this habeas corpus action, the petitioner, Angelo Ferguson, represented by appointed counsel, filed an amended petition for writ of habeas corpus on October 3, 2023. ECF No. 9. Along with his amended petition, Ferguson filed a motion for leave of court to file a second amended petition. ECF No. 11. Ferguson explains that he has included all known claims in his first amended petition but intends to conduct further investigation and file a more detailed and better developed second amended petition to function as his operative petition. On October 17, 2023, the respondents filed a notice stating that they do not oppose Ferguson's motion for leave to file a second amended petition (but reserve the right to assert any applicable procedural defenses to the claims included in the second amended petition). ECF No. 12.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading at any time with the Court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reflects a "policy of favoring amendments to pleadings," and courts should apply that policy "with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960)). In deciding whether to grant leave to amend, a court may consider "such factors as 'bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*,

59 F.3d 815, 845 (9th Cir. 1995). The court will grant Ferguson's motion for leave to file a second amended habeas petition.

Under the circumstances (Ferguson intending to conduct further investigation before filing a second amended petition), the court waives the requirements of Local Rule 15-1(a), which generally requires that, "[u]nless the court orders otherwise," a party requesting leave to amend "must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."

Further, Ferguson states that part of his investigation will involve consultation with, and examination by, a mental health expert. Ferguson also states that his counsel will be on parental leave from October 2023 until March 2024. Ferguson states that during that leave, his counsel will attempt to coordinate with potential experts to conduct the examination(s) and provide the written report(s). Ferguson asks for a due date for the second amended petition after his counsel returns to the office in March 2024. Under these circumstances, the Court will order this case stayed, with Ferguson to file a status report by March 15, 2024 (and every six months thereafter if necessary). The court will lift the stay and set a due date for the second amended petition after Ferguson completes the investigation and his counsel returns to his office.

Nothing in this order is meant to convey any opinion regarding, or affect in any manner, the operation of any statute of limitations applicable in this case.

IT IS THEREFORE ORDERED that Petitioner's Motion for Leave to File Second Amended Petition **[ECF No. 11] is GRANTED**.

IT IS FURTHER ORDERED that **THIS ACTION IS STAYED**. The Clerk of the Court is kindly directed to update the docket to reflect the stay of this case, and the Clerk of the Court is directed to close this case administratively during the stay.

IT IS FURTHER ORDERED that petitioner must file a status report by March 15, 2024, and then every six months thereafter (by September 15, 2024; March 15, 2025; etc.), informing the court of his position regarding whether the stay should remain in place and his position

regarding a due date for his second amended petition for writ of habeas corpus. Respondents may respond to any such status report within 20 days; petitioner may then reply within 10 days.

It is further ordered that either petitioner or respondents may file a motion at any time to lift the stay based on changed circumstances.

DATED: October 30, 2023

_____
Cristina D. Silva
United States District Judge