UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Angelo Ferguson, aka Angelo Fergusen,

        Petitioner

v.

Jeremy Bean, et al.,

        Respondents

Case No. 2:23-cv-00299-CDS-NJK

**Order Granting Motion to Lift Stay and Granting Motion for Leave to File Exhibits Under Seal**

[ECF Nos. 16, 19]

       This habeas corpus action was stayed on October 31, 2023, while the petitioner, Angelo Ferguson, represented by appointed counsel, investigated the case and developed his second amended habeas petition. ECF No. 13. On February 26, 2025, Ferguson filed his second amended petition, along with supporting exhibits. ECF Nos. 17, 18, 20, 21, 22, 23. On that same date, Ferguson filed a motion to reopen, requesting that the stay be lifted, and a motion for leave to file exhibits under seal, requesting leave of court to file certain exhibits under seal. ECF Nos. 16, 19. The respondents filed a notice stating that they do not oppose Ferguson's motion to reopen. ECF No. 24. The respondents did not respond to the motion for leave to file exhibits under seal.

       I will grant Ferguson's motion to reopen, lift the stay, order the case reopened, and set a schedule for the respondents to respond to Ferguson's second amended petition and for further proceedings beyond that.

       In his motion for leave to file exhibits under seal, Ferguson requests leave of court to file under seal exhibits containing competency evaluations and other mental health records. ECF No. 19 at 5; *see also* ECF Nos. 20, 21, 22, 23 (exhibits in question, filed under seal on February 26, 2025). While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access them, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). In general, "compelling reasons" exist

where the records could be used for improper purposes. *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). I find that there are compelling reasons for the exhibits in question to be filed under seal, and I will grant Ferguson's motion.

### Conclusion

I therefore order that the petitioner's motion to reopen **[ECF No. 16] is granted**. The stay of this action is lifted. The Clerk of the Court is directed to reopen this case and update the docket accordingly.

I further order that the petitioner's motion for leave to file exhibits under seal **[ECF No. 19] is granted**. The exhibits in question have already been filed under seal, so the Clerk of Court is kindly instructed to maintain the seal on ECF Nos. 20, 21, and 22.

I further order that the respondents have until and including **June 6, 2025**, to file an answer or other response to the petitioner's second amended habeas petition (ECF No. 17). In all other respects, the schedule for further proceedings set forth in the scheduling order entered April 7, 2023 (ECF No. 5) will remain in effect.

Dated: April 2, 2025

_____
Cristina D. Silva
United States District Judge