UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Angelo Ferguson, aka Angelo Fergusen,

Petitioner

v.

Jeremy Bean,

Respondent

Case No. 2:23-cv-00299-CDS-NJK

**Order Denying Motion to Dismiss**

[ECF No. 49]

Counseled Petitioner Angelo Ferguson, who is incarcerated in the custody of the Nevada Department of Corrections, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 17. Respondent moves to dismiss Ferguson's second-amended petition. ECF No. 49. For the reasons set forth herein, I deny the motion.

## I. Background

The Nevada Court of Appeals described the facts of Ferguson's case as follows: "[Ferguson] was seen knocking on numerous doors in the neighborhood. When the victim opened her door, Ferguson asked for Jason, who did not live there. Ferguson then asked for a glass of water. After the victim closed the door and went to retrieve the glass of water, Ferguson kicked the door open. He raped the victim and then forced her to show him where any valuables would be located. He took jewelry, poker chips, and cash." ECF No. 10-26 at 3–4. A jury convicted Ferguson of burglary, sexual assault, robbery, and first-degree kidnapping. ECF No. 10-3. Ferguson appealed, and the Nevada Supreme Court reversed on September 11, 2008. ECF No. 10-7. Following a retrial, a jury again convicted Ferguson of burglary, sexual assault, robbery, and first-degree kidnapping. ECF No. 10-13. Ferguson was sentenced to 16-to-120 months for the burglary conviction; life with the possibility of parole after 10 years for the sexual assault conviction, running concurrently with the burglary sentence; 60-to-180 months for the robbery conviction, running consecutive to the sexual assault sentence; and 5-to-15 years for the first-degree kidnapping conviction, running

concurrent to the other sentences. *Id*. Ferguson appealed, and the Nevada Court of Appeals affirmed on April 15, 2015. ECF No. 10-17. Remittitur issued on May 13, 2015. ECF No. 10-18.

Ferguson filed a state petition for postconviction relief on April 14, 2016. ECF No. 10-19. The state court denied Ferguson postconviction relief on January 31, 2020. ECF No. 10-23. Ferguson appealed, and on February 8, 2021, the Nevada Court of Appeals affirmed. ECF No. 10-26. Remittitur issued on March 5, 2021. ECF No. 10-27.

Ferguson commenced this action on October 9, 2022. *See* ECF No. 2. I appointed counsel for Ferguson, and Ferguson's counsel filed his first-amended petition and second-amended petition on October 3, 2023, and February 26, 2025, respectively. ECF Nos. 9, 17. In his second-amended petition, Ferguson alleges the following grounds for relief: (1) he was incompetent to stand trial or be sentenced, (2) the court failed to conduct a pre-sentencing competency hearing, and (3) his trial counsel failed to pursue a mental health defense. ECF No. 17. Respondent argues that Ferguson's second-amended petition is untimely, and grounds 1 and 3 are unexhausted. ECF No. 49. Ferguson opposed the motion. ECF No. 55. Respondent replied. ECF No. 58.

## II. Discussion

### A. Timeliness

Respondent argues that Ferguson's second-amended petition is untimely and does not relate back to any timely-filed petition. ECF No. 49. Ferguson does not dispute that his second-amended petition was untimely filed; however, he argues that he is entitled to equitable tolling through the filing of his first-amended petition due to his low intellectual functioning, cognitive deficits, and mental illness. ECF No. 55 at 2. Ferguson then argues that the claims in his second-amended petition relate back to his first-amended petition. *Id*. at 3.

The Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 649. To satisfy the

first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). To satisfy the second element, a petitioner must demonstrate that the "extraordinary circumstances" were the *cause* of his untimeliness. *Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).

In the case of mental impairment, as is the case here, the Court of Appeals for the Ninth Circuit has held that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010). To show a mental impairment is an extraordinary circumstance, the petitioner must first prove that he "was unable rationally or factually to personally understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Id.* at 1100. Second, he "must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.*

Abigail Baily, Ph.D., a Clinical Neuropsychologist, evaluated Ferguson and found the following: (1) Ferguson's overall intellectual functioning is "in the extremely low range" with "a full-scale IQ of 64," meaning he is intellectually disabled, (2) "Ferguson has clear neurocognitive deficits," (3) "Ferguson meets DSM 5 Psychiatric Diagnostic criteria for Schizophrenia, Antisocial Personality Disorder, and Other Substance Use Disorder," (4) Ferguson "has symptoms of psychosis in the form of ongoing auditory and visual hallucinations, as well as delusional and disorganized thought disorder," (5) Ferguson's "inability to understand the complex legal matters involved in appealing a conviction and the need for timeliness is consistent with his intellectual

disability and unspecified neurocognitive disorder," (6) Ferguson's "intellectual disability limits his cognitive abilities, while schizophrenia disrupts his rational thought processes," such that "these conditions create significant barriers to [his] ability to comprehend the concept of timely filing and recognize its legal implications," and (7) Ferguson "lacks the capacity to personally prepare a habeas petition and effectuate its filing in a timely manner." ECF No. 18-1 at 8, 19, 20–23.

It is readily apparent that Ferguson suffers from long-standing psychiatric illnesses as well as intellectual disabilities and neurocognitive impairments, all of which are well-documented. Given the pervasive and resolute nature of these issues, I find that Ferguson is entitled to equitable tolling up until the time of the filing of his first-amended petition. *See Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled."). Indeed, it is apparent that Ferguson's mental illnesses, disabilities, and impairments are so severe that he was unable "to understand the need to timely file or prepare a habeas petition" and that his conditions "made it impossible under the totality of the circumstances [for him] to meet the filing deadline despite" his apparent diligence under the circumstances. *Bills*, 628 F.3d at 1093.

I now turn to Ferguson's argument that his untimely second-amended petition should be found to be timely because it relates back to his timely first-amended petition. A new claim in an amended petition that is filed after the expiration of the AEDPA one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in an earlier petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655–64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and

not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

In ground 1 of his second-amended petition, Ferguson alleges that he was incompetent to stand trial or be sentenced. ECF No. 17 at 28. Ferguson argues that this ground relates back to ground 2 of his first-amended petition. ECF No. 55 at 15. In ground 2 of his first-amended petition, Ferguson argued that he was not competent during substantive proceedings in this case. ECF No. 9 at 9. Respondent argues that Ferguson added new factual allegations to ground 1 of his second-amended petition (as compared to ground 2 of his first-amended petition), and because these facts differ in time and type, relation back is unavailable. ECF No. 58 at 8–9. I find that the addition of any new facts in the second-amended petition do not change the core of operative facts. Ground 1 is timely.

In ground 2 of his second-amended petition, Ferguson alleges that the court failed to conduct a pre-sentencing competency hearing. ECF No. 17 at 32. Ferguson argues that this ground relates back to ground 1 of his first-amended petition. ECF No. 55 at 15. In ground 1 of his first-amended petition, Ferguson argued that the court failed to conduct a renewed competency hearing after trial but before sentencing. ECF No. 9 at 7. Respondent withdrew its argument that ground 2 of the second-amended petition does not relate back to ground 1 of the first-amended petition. ECF No. 58 at 9. As such, ground 2 is timely.

In ground 3 of his second-amended petition, Ferguson alleges that his trial counsel failed to pursue a mental health defense. ECF No. 17 at 33. Ferguson argues that this ground relates back to ground 3 of the first-amended petition. ECF No. 55 at 16. In ground 3 of his first-amended petition, Ferguson argued that his trial counsel failed to present evidence of his mental health ailments at trial to show that he could not form the requisite intent to commit robbery, first-

degree kidnapping, or burglary. ECF No. 9 at 15. Respondent argues that Ferguson's second-amended petition alleges failures regarding all the charged offenses whereas his first-amended petition only alleged failures regarding the sexual assault offense. ECF No. 58 at 9. I find that ground 3 of the second-amended petition and ground 3 of the first-amended petition share core operative facts: Ferguson's counsel was ineffective in failing to present a mental health defense. The inclusion of any additional facts does not change this conclusion. Ground 3 is timely.

**B. Exhaustion**

Respondent argues that grounds 1 and 3 are unexhausted. ECF No. 49 at 10. A state prisoner must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To fully and fairly present a claim, a petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

As a reminder, in ground 1 of his second-amended petition, Ferguson alleges that he was incompetent to stand trial or be sentenced. ECF No. 17 at 28. Ferguson contends that ground 1 is exhausted because he raised it in his direct appeal opening brief. ECF No. 55 at 18. In his direct appeal opening brief, Ferguson alleged that he "was not competent during substantive proceedings in this case." ECF No. 10-14 at 15. The Nevada Court of Appeals considered this issue in its order of affirmance. ECF No. 10-17 at 2–4. The addition of any supplemental arguments and facts in the

second-amended petition (as compared to the direct appeal opening brief) do not fundamentally alter this claim. Ground 1 is exhausted.

In ground 3 of his second-amended petition, Ferguson alleges that his trial counsel failed to pursue a mental health defense. ECF No. 17 at 33. Ferguson alleges that he exhausted this claim during his state habeas proceedings. ECF No. 55 at 22. In his habeas appeal opening brief, Fergusion alleged that his "trial counsel provided ineffective assistance to [him] by failing to use [his] extensive mental health history to demonstrate his inability to form the intent to commit burglary, robbery, or kidnapping." ECF No. 10-24 at 7. The Nevada Court of Appeals considered this issue in its order of affirmance. ECF No. 10-26 at 3–4. Like ground 1, the addition of any supplemental arguments and facts in the second-amended petition (as compared to the habeas appeal opening brief) do not fundamentally alter this claim. Ground 2 is exhausted.

## III. Conclusion

It is therefore ordered that the respondent's motion to dismiss **[ECF No. 49] is denied**.

It is further ordered that the respondent has until November 30, 2026, to file his answer to the second-amended petition. Ferguson will then have 45 days to file his reply, and the respondent will have 30 days to file his response to the reply, pursuant to the Scheduling Order (ECF No. 5).

Dated: September 28, 2026

Cristina D. Silva
United States District Judge